# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**DARRELL BLAKE BROWNING**                                        **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 3:25-cv-00092-JHM**

**LOUISVILLE METRO GOVERNMENT,** *et al.*                   **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Darrell Blake Browning, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. This matter is currently before the Court on initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the Court will allow one claim to proceed for further development, dismiss the other claim, and allow Plaintiff to amend the complaint.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff identifies himself as a convicted inmate confined in the Louisville Metro Department of Corrections (LMDC). He sues Louisville Metro Government and Wellpath, the contracted medical provider at LMDC.

Plaintiff's complaint alleges that on April 12, 2021, he was transported to LMDC from University of Louisville Hospital where he was treated for five gunshot wounds. He was released from the hospital with prescriptions for oxycodone and gabapentin for pain, but medical staff at LMDC "informed him that he would not receive those medications due to policy."

Plaintiff further alleges that, "[w]eeks later at a follow-up appointment at U of L hospital with his trauma doctors, [Plaintiff] was again given a prescription for gabapentin, but medical officials at the jail still refused to administer that medication." Plaintiff alleges that, due to the

gunshot wound to his left lung, he "had trouble with his breathing . . . especially when sleeping." He claims that he filed "numerous medical service requests informing medical that the medications they gave him for pain didn't work and that he was still in pain," but his complaints were not resolved.

Plaintiff was again admitted to the hospital to have an ostomy reversal in November of 2021. He was released with a prescription for oxygen, but "he was only given oxygen for one night at the jail."

Plaintiff states that one or two months later, he notified medical staff of a bulge at the ostomy site, but "nothing was ever done to address the problem as the bulge continued to grow."

Plaintiff alleges that "during the several years he was incarcerated in LMDC," he filed multiple grievances and health services requests, but his complaints relating to his pain, breathing problems, and bulge at the ostomy site went unaddressed. He claims that in January of 2022, Judge Annie O'Connell ordered LMDC to provide Plaintiff with gabapentin and oxygen, but medical staff did not comply.

Finally, Plaintiff's complaint alleges that in July of 2024, Yes Care replaced Wellpath as the medical services provider at LMDC, and pursuant to a court order, "started administering gabapentin and addressing the bulge and breathing problems."

As relief, Plaintiff seeks monetary and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

A municipality such as the Louisville Metro Government cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

As to a contracted medical services provider such as Wellpath, the same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Analogous to a municipality, the liability of a contracted private entity must be based on a policy or custom of the entity. *Id.*; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

Construing the complaint liberally, Plaintiff alleges that between April, 2021, and July, 2024, ongoing constitutional violations occurred pursuant to a policy or custom of Louisville Metro Government and/or Wellpath to deny certain prescription medications, causing Plaintiff to "suffer mentally, emotionally, and physically due to the deliberate indifference to his medical

needs." Based on these allegations, <u>Plaintiff's Eighth Amendment deliberate indifference claim against Louisville Metro Government and Wellpath pertaining to the denial of his prescribed medication pursuant to a policy or custom may proceed</u>.

Plaintiff also asserts that Defendants were deliberately indifferent by failing to provide medical treatment for his breathing issues and the bulge at his ostomy site. He does not allege that this deprivation occurred pursuant to a policy or custom of either Defendant. As such, his Eighth Amendment deliberate indifference claim against Louisville Metro Government and Wellpath pertaining to the denial of medical treatment for these conditions must be dismissed for failure to state a claim upon which relief may be granted.

However, the Court finds that the complaint may state sufficient allegations to support an Eighth Amendment claim if Plaintiff named specific individuals who denied him medical treatment. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002). The Court will allow Plaintiff to file an amended complaint to name any individuals who he alleges denied him medical treatment and to state specifically how and when he alleges each denied him treatment. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Eighth Amendment claim for damages against Louisville Metro Government and Wellpath alleging a policy or practice of denying prescription medications will continue past initial review. In permitting this claim to continue, the Court passes no judgment on its merit and ultimate outcome.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment claim for damages against Louisville Metro Government and Wellpath alleging a denial of medical treatment for his breathing problems and bulge at his ostomy site is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **Plaintiff may file an amended complaint on or before August 20, 2025**, to name the individuals who he alleges violated his rights under the Eighth Amendment, to state specific factual allegations against each Defendant, and to sue each person in his or her individual capacity.

The **Clerk of Court is DIRECTED** to place this case number and the word "Amended" on a § 1983 complaint form and send it to Plaintiff.

The Court will enter Service and Scheduling Order after Plaintiff files an amended complaint or the time for doing so expires.

Date: July 21, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.015